UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DWAYNE A. WINANS, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:23-cv-00094-JPH-MJD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER TO SHOW CAUSE**

Dwayne Winans filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 when he was incarcerated that the United States Penitentiary in Terre Haute, Indiana. He was granted leave to file an amended § 2241 petition, dkt. 11, and has done so. In this order, the Court directs Mr. Winans to show cause why his petition should not be dismissed.

**I. Rule 4**

A "judge must promptly examine" a habeas petition once it is received. Rule 4, *Rules Governing § 2254 Cases*; *see also* Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition" proceeding under an authority other than 28 U.S.C. § 2254). "If it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4.

1

## II. Factual and Procedural Background

On August 16, 2016, a criminal complaint was filed against Mr. Winans in the Eastern District of Louisiana, alleging that he committed bank robbery. *United States v. Winans*, 2:16-cr-175-NJB-JCW-1 (E.D. La.) ("Cr. Dkt.") dkt. 1. Mr. Winans was arrested on August 23, 2016, Cr. Dkt. 3, and formally charged on October 6, 2016, Cr. Dkt. 9. The indictment was later superseded several times. *See* Cr. Dkt. 23, 53. Mr. Winans sought to dismiss the indictment, arguing that the Speedy Trial Act was violated because the indictment was filed 44 days after his arrest. Cr. Dkt. 102. The trial court denied the motion, finding that the Speedy Trial Act was not violated because, although the Act provides that an indictment must be filed within 30 days of a defendant's arrest, the indictment was filed 29 "countable" days after his arrest. Cr. Dkt. 123. After a jury trial, Mr. Winans was found guilty of several counts of bank robbery and brandishing a firearm during and in relation to a crime of violence. Cr. Dkt. 204. On appeal, Mr. Winans again argued that the trial court erred in denying the motion to dismiss the indictment based on the alleged Speedy Trial Act violation. *United States v. Winans*, 838 F. App'x 908 (5th Cir. 2021). The Fifth Circuit Court of Appeals affirmed his convictions, finding that "[t]he district court did not err in denying his motion to dismiss the indictment." *Id.* at 909.

Mr. Winans then filed a motion for relief under 28 U.S.C. § 2255, again arguing that the indictment violated the Speedy Trial Act. Cr. Dkt. 386. The trial court found that Mr. Winans was not entitled to relief on this basis and denied the motion. Cr. Dkt. 392.

Mr. Winans then filed this § 2241 petition again arguing that he was indicted 44 days after his arrest.

### III. Section 2241 and the Savings Clause

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) (*en banc*). Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause."

The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Id.* (citing, *e.g.*, *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123). Whether § 2255 is inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

The Seventh Circuit construed the savings clause in *Davenport,* holding:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.

147 F.3d at 611. "[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster*, 784 F.3d at 1136.

Specifically, to fit within the savings clause following *Davenport*, a petitioner must meet three conditions: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

## IV. Order to Show Cause

Mr. Winans's petition does not appear to be reviewable under the savings clause as interpreted in *Davenport*. He does not identify a newly issued, previously unavailable rule of law as the basis for his argument. To the contrary, Mr. Winans has raised this same argument in the trial court, on appeal, and in his unsuccessful § 2255 motion.

Accordingly, Mr. Winans will have **through June 28, 2023**, to **show cause** why his petition should not be dismissed pursuant to Rule 4.

**SO ORDERED.**

Date: 6/5/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DWAYNE A. WINANS, JR.
67542-018
ATWATER - USP
ATWATER U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 019001
ATWATER, CA 95301